UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN HARRIS,

              Plaintiff,              Case No. 2:07-cv-10

v.                                       Honorable Gordon J. Quist

JIM LEPLANTE, et al.,

              Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. On February 16, 2007, this Court ordered service of Plaintiff's complaint on Defendants. On May 8, 2007, Defendants filed a motion to dismiss (docket #13) on the ground that Plaintiff failed to exhaust his available administrative remedies. However, because Defendants wish the Court to consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b). Plaintiff filed a response (docket #17). Upon review, I recommend that Defendants' motion for summary judgment be granted.

**Applicable Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th

Cir.), *cert. denied*, 126 S. Ct. 650 (2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir.), *cert. denied*, 126 S. Ct. 338 (2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense for which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief of the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth

Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## Facts

Plaintiff is presently incarcerated at the Standish Maximum Correctional Facility (SMF). In his *pro se* complaint, he sues Baraga Maximum Correctional Facility (AMF) Resident Unit Officer Jim LePlante and AMF Resident Unit Officer Thomas Recker. Plaintiff alleges that on October 5, 2003, while he was confined at AMF, he gave six envelopes with grievances to Defendant LePlante. Plaintiff claims that Defendant LePlante took the grievances to the "bubble" and shared them with Defendant Recker, and then discarded them. Plaintiff alleges that Defendant Recker later came to Plaintiff's cell and admitted reading the grievances. Defendant Recker commented that Plaintiff had said some pretty nasty things. Plaintiff claims that Defendants' conduct violated his rights under the First Amendment and seeks compensatory and punitive damages, as well as declaratory relief.

## Discussion

Defendants claim that they are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his

available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[1], sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ R. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ R, X. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included."

---

[1] The MDOC recently amended Policy Directive 03.02.130 on July 9, 2007. However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

*Id.* at ¶ T (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ Y.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ R, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ FF. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ HH. The Prisoner Affairs Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ II. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ U. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id.*

In addition, the grievance policy provides that, where the grievance alleges staff brutality or corruption, the grievance may be submitted directly to Step III. *Id.* at ¶S. In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I. *Id.*

In their brief in support of the motion for summary judgment, Defendants claim that Plaintiff filed two grievances relating to the issues in his complaint. In step I of grievance number AMF 03-10-02843-15z, Plaintiff fails to name either of the Defendants in this action. Rather,

Plaintiff names "unit staff." In his step II appeal, Plaintiff names Defendants, as well as other corrections officials. The AMF 03-10-02843-15z step II appeal was rejected as untimely and Plaintiff was directed to file at step III. Plaintiff's step III appeal was denied because the record showed that the step I response adequately addressed the merits of Plaintiff's grievance. (*See* Defendants' Exhibit 1.) Plaintiff filed grievance number AMF 06-08-02572-28e on May 20, 2006, claiming Defendant Recker messed up Plaintiff's papers during a search while Plaintiff was out in the yard. The AMF 06-08-02572-28e step I grievance was rejected as untimely and the decision rejecting it was upheld at steps II and III. (*See* Defendants' Exhibit 2.) Defendants claim that because these grievances were not properly filed and/or appealed, Plaintiff failed to comply with the exhaustion requirement.

A review of the record reveals that Defendants are correct. In grievance number AMF 03-10-02843-15z, Plaintiff failed to specifically name the Defendants. A prisoner must specifically mention the involved parties in the grievance to alert the prison officials of the problems so that the prison has a chance to address the claims before they reach federal court. *Bell v. Konteh*, 450 F.3d 651, 653 (6th Cir. 2006); *Burton v. Jones*, 321 F.3d 569, 574-75 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance."). In addition, as noted by Defendants, AMF 06-08-02572-28e step I grievance was rejected as untimely and the decision rejecting it was upheld at steps II and III. The Supreme Court held in *Woodford*, 126 S. Ct. at 2387, that the PLRA exhaustion requirement requires "proper exhaustion." "Proper exhaustion" means that the plaintiff complied with the administrative agency's deadlines

and "critical procedural rules," such as time limits for filing grievances. *Id.* at 2386-388. It is a precondition to any suit challenging prison conditions. *Id.* Therefore, the undersigned concludes that Defendants are entitled to summary judgment in this case because Plaintiff failed to exhaust his administrative remedies.

### Recommended Disposition

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (docket #13) be granted.

　　　　　　　　　　　　　　　　　　 /s/ Timothy P. Greeley
　　　　　　　　　　　　　　　　　　TIMOTHY P. GREELEY
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Dated:　February 19, 2008

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).